**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus SALLAS–MORENO, also known**
**as Jesus Arriola–Garcia, Defendant–**
**Appellant.**

**No. 00–4199.**

United States Court of Appeals,
Tenth Circuit.

July 3, 2001.

Before TACHA, Chief Judge,
PORFILIO, and STEPHEN H.
ANDERSON, Circuit Judges.

## ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Circuit
Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously to grant the parties' request for a
decision on the briefs without oral argu-
ment. *See* Fed.R.App.P. 34(f); 10th Cir.R.
34.1(G). The case is therefore ordered
submitted without oral argument.

Defendant appeals his sentence follow-
ing a plea of guilty to one count of illegal
entry following deportation, in violation of
8 U.S.C. § 1326(a). We have jurisdiction
pursuant to 28 U.S.C. § 1291 and 18
U.S.C. § 3742(a), and we affirm. Defen-
dant was sentenced to seventy months'
imprisonment, which included a sixteen-
level enhancement (from a base level of
eight) based on his prior conviction of an
aggravated felony. *See* 8 U.S.C.
§ 1326(b)(2); USSG § 2L1.2(b)(1)(A). Al-
though he submitted objections to the pre-
sentence report, he did not object to the
sixteen-level enhancement for having pre-
viously sustained an aggravated felony.
Appellant's Br. at 3. At the sentencing
hearing the district court granted a down-
ward departure from Category VI to Cate-
gory V. *Id.*

On appeal, defendant argues that his
sentence must be vacated because
§ 1326(b), the statute for the crime of
conviction, carries a maximum sentence of
two years' imprisonment. The basis for
his argument is the Supreme Court's deci-
sion in *Apprendi v. New Jersey,* 530 U.S.

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir.R. 36.3.

466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Court held that facts used to enhance the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Specifically, he argues that because he was neither charged with, nor pleaded guilty to, the prior felony conviction, the sentencing court erred in relying on the prior conviction to enhance his sentence under 28 U.S.C. § 1326(b)(2).

Defendant acknowledges, as he must, that the Supreme Court has also held that an indictment need not allege a prior felony conviction in order for a district court to enhance a sentence because § 1326(b)(2) creates a sentencing factor, not a separate element of the offense. *See Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Moreover, this court has squarely held that the *Apprendi* Court did not overrule *Almendarez–Torres,* but rather carved out an exception by stating that " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *United States v. Martinez–Villalva,* 232 F.3d 1329, 1331 (10th Cir.2000) (quoting *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348) (emphasis added). Like *Martinez–Villalva,* defendant's sentence "falls squarely within the exception to the *Apprendi* holding and is governed by *Almendarez–Torres.*" *Id.*

Defendant concedes that relief is foreclosed by *Almendarez–Torres* and this court's decision in *Martinez–Villalva, see* Appellant's Br. at 11–12, but seeks to preserve his argument for review by the Supreme Court in anticipation *Almendarez–Torres* will be overruled. He has done so. "Nevertheless, *Almendarez–Torres* has not been overruled and directly controls our decision in this case." *United States v. Dorris,* 236 F.3d 582, 587 (10th Cir.

2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1635, 149 L.Ed.2d 495 (2001).

AFFIRMED.